IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DR. MARLA FAITH CRAWFORD,

    Plaintiff,

v.                                                                         Civil Action No. 3:20-cv-923

SCHOOL BOARD FOR RICHMOND
CITY, et al.,

    Defendants.

## OPINION

Dr. Marla Faith Crawford sues the School Board of the City of Richmond, the law firm of Harman, Claytor, Corrigan & Wellman, P.C. ("Harman Claytor"), and Harman Claytor partner David Corrigan for violating the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973 (codified at 29 U.S.C. § 729), the Individuals with Disabilities Education Act ("IDEA"), and the Fourteenth Amendment. The defendants move to dismiss Crawford's complaint for lack of subject matter jurisdiction and for failure to state a claim.[1] (ECF Nos. 6, 9.) The Court finds that it has subject matter jurisdiction over Crawford's suit, but, because she fails to state a claim, the Court will dismiss her complaint with prejudice.

## I. BACKGROUND

In 2018, at the direction of an officer presiding over a special education due process hearing, Crawford conducted a functional behavior assessment and observed classrooms for Richmond City Public Schools ("RPS"). After Crawford finished assessing and observing, she

---

[1] The defendants' motions to dismiss include the required notice under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (per curiam).

sent RPS a bill for $26,900.[2] RPS thought this bill unreasonably high and declined to pay it in full.

Crawford then sued the School Board and one of its employees in Chesterfield County Circuit Court, seeking to collect this unpaid bill. Harman Claytor, through its partner Melissa York, represented the School Board in that case. Crawford voluntarily dismissed the Chesterfield suit.

Crawford then filed another lawsuit, this time in Richmond Circuit Court, against the School Board, RPS, and RPS Superintendent Jason Kamras to collect the same unpaid bill. York also represented the defendants in that case. York filed demurrers on behalf of RPS and Kamras; the Richmond Circuit Court granted both. York filed an answer on behalf of the School Board.

Shortly thereafter, Crawford moved for sanctions against York in Richmond Circuit Court. Crawford accused York of, among other things, including "false and misleading statements" in the answer she had filed on behalf of the School Board, "committing fraud on the Court," and causing "unnecessary delay." (ECF No. 7-6, at 2, 7.) On January 10, 2019, the Richmond Circuit Court held a hearing on Crawford's motion and, on February 11, 2019, the Court issued its decision denying it. The Richmond Circuit Court explained that "Plaintiff failed to present any evidence that Ms. York filed any pleadings with false or fraudulent statements," or any evidence that "Ms. York's filing were done solely to cause unnecessary delay or needless increase in the cost of litigation." (ECF No. 7-7, at 2.) The case proceeded to trial.

---

[2] When analyzing Crawford's complaint and understanding the circumstances from which it arises, the Court considered the exhibits that Corrigan attached to his brief in support of his motion to dismiss. (ECF Nos. 7-1–7-13.) Because these exhibits are integral to Crawford's complaint and because Crawford does not contest their authenticity, the Court may consider these documents at this stage of litigation. *Gaines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

On December 13, 2019, several days before the scheduled start of trial in Richmond Circuit Court, Crawford filed a warrant in debt in Richmond General District Court. In this warrant in debt, Crawford claimed that York defamed her by accusing her of harassment at the January 10, 2019 hearing in Richmond Circuit Court. (ECF No. 7-9.)[3]

The morning of trial in Richmond Circuit Court, that Court sustained the School Board's assertion of sovereign immunity. The Circuit Court, therefore, dismissed Crawford's complaint on January 10, 2020.

On January 8, 2020, the School Board, represented by Harman Claytor's David Corrigan, moved for sanctions against Crawford pursuant to Virginia Code § 8.01-271.1 in Richmond Circuit Court. The Circuit Court has delayed hearing argument on this motion for various reasons, including the COVID-19 pandemic, Crawford's involvement in an automobile accident, and Crawford's filing of a separate lawsuit in the Eastern District of Virginia against the Honorable Melvin Hughes, who presides over the Circuit Court proceedings. The motion for sanctions against Crawford, therefore, remains pending in Richmond Circuit Court.

This litigious history brings us to the dispute before this Court. On December 3, 2020, Crawford filed a complaint in this Court against the School Board, Harman Claytor, and Corrigan for violating the ADA, Section 504 of the Rehabilitation Act of 1973, the IDEA, and the Fourteenth Amendment. These claims arise from the January 8, 2020 "lawsuit against Plaintiff"—the motion for sanctions against Crawford pending in Richmond Circuit Court. (ECF No. 1, at 4.) According to Crawford, Corrigan filed this motion "because of the complaint [Crawford] filed against M. York" and, therefore, the motion amounts to retaliation. (*Id.*)

---

[3] The General District Court dismissed the warrant in debt with prejudice on March 5, 2020.

3

## II. LEGAL STANDARDS

A motion under Rule 12(b)(1) tests the court's subject matter jurisdiction. The plaintiff bears the burden of proving proper subject matter jurisdiction as the party asserting jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

A Rule 12(b)(6) motion gauges a complaint's sufficiency without resolving any factual discrepancies or testing a claim's merits. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). The principle that a court must accept all allegations as true, however, does not apply to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, state a claim to relief that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When the plaintiff appears pro se, as Crawford does here, courts do not expect her to frame legal issues with the clarity and precision expected from lawyers. Accordingly, courts construe pro se complaints liberally. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). This principle, however, has limits. *Id.* Courts need not discern the unexpressed intent of the plaintiff or take on "the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.*

4

## III. ANALYSIS

The Court, construing Crawford's complaint liberally, finds that she asserts claims under the ADA, Section 504 of the Rehabilitation Act of 1973, the IDEA, and the Fourteenth Amendment. The defendant moves to dismiss Crawford's claims on two grounds: (1) lack of subject matter jurisdiction and (2) failure to state a claim.

### *A. Subject Matter Jurisdiction*

The defendants argue that this Court lacks subject matter jurisdiction over Crawford's complaint for two reasons. First, although Crawford "couches her claim" as a § 1983 suit, "her claim is nothing more than a reprise of [a] . . . common law contract claim" that presents no federal question for this Court to decide. (ECF No. 10, at 8.) And because Crawford does not allege diversity of citizenship, this Court lacks subject matter jurisdiction. The defendants also argue that the *Rooker-Feldman* doctrine bars Crawford's complaint.

As for the first argument, although Crawford's gripes arise from a contract dispute, her complaint alleges that the defendants retaliated against her by filing a motion for sanctions in violation of the U.S. Constitution and various federal laws. *Cf. Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996) ("[L]ook no farther than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331."). Although the Court will dismiss her complaint, it will do so because Crawford's complaint fails to state a claim, not because the Court lacks jurisdiction over the dispute.

Regarding the defendants' second argument, the *Rooker-Feldman* doctrine bars a federal court from having jurisdiction over claims that "were either actually adjudicated by the state court or were otherwise inextricably intertwined with the issues in the state judicial proceeding." *Oliver v. Va. Bd. of Bar Exam'rs*, 312 F. Supp. 3d 515, 525 (E.D. Va. 2018). "A federal claim is

inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Allstate Ins. Co. v. W. Va. State Bar*, 233 F.3d 813, 819 (2000) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (1987) (Marshall, J., concurring)). Here, although Crawford's claims "arise directly out of the underlying [state] actions," she does not ask this Court to review the state court decisions. (ECF No. 10, at 10.) Instead, Crawford alleges that the School Board filed its motion for sanctions against her in retaliation for her previous motion for sanctions against York. The state court did not adjudicate this claim. And because Crawford's success on these claims does not depend on whether the state court "wrongly decided" anything, her claims are not "inextricably intertwined with the issues in the state judicial proceeding." *Oliver*, 312 F. Supp. 3d at 525. The Court, therefore, finds that the *Rooker-Feldman* doctrine does not bar it from exercising jurisdiction over Crawford's complaint.

### B. Failure to State a Claim

#### 1. ADA

Construing Crawford's complaint liberally, she alleges a violation of the ADA's anti-retaliation provision, which prohibits retaliation against someone who has "opposed any act or practice made unlawful" by the ADA. 42 U.S.C. § 12203(a). Even accepting all allegations in her complaint as true and drawing all reasonable inferences in her favor, however, Crawford fails to allege a violation of this provision. She alleges that the School Board filed its motion for sanctions in retaliation against Crawford for her motion for sanctions against York. But Crawford's filing of a motion for sanctions against York did not "oppose[] any act or practice made unlawful by the ADA." *Id.* And the ADA's anti-retaliation provision does not prevent the defendants from moving for sanctions against Crawford for filing an allegedly frivolous motion. Thus, Crawford fails to state a claim against the defendants for violating the ADA.

### 2. *Section 504 of the Rehabilitation Act*

Crawford also alleges that the defendants violated § 504 of the Rehabilitation Act. Because Crawford does not allege that she is a "qualified individual with a disability," she fails to state a claim under this provision. 29 U.S.C. § 794(a) ("No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . .").

### 3. *IDEA*

The IDEA "seeks to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." *M.L. by Leiman v. Smith*, 867 F.3d 487, 493 (4th Cir. 2017) (quoting 20 U.S.C. § 1400(d)(1)(A)). The Court cannot discern how the IDEA affords Crawford relief. *See J.W. v. Johnston Cnty. Bd. of Educ.*, No. 5:11cv707, 2014 WL 4771613, at *8 (E.D. N.C. Sept. 24, 2014) ("The IDEA does not . . . establish a private right of action for special-education teachers or other advocates for disabled students.").

### 4. *Section 1983*

That leaves Crawford's § 1983 claims against the defendants for violating the Fourteenth Amendment. Although Crawford claims she brings an "Equal Access" claim, she does not allege any facts that lend themselves to analysis under the Equal Protection Clause. Thus, the Court, construing Crawford's complaint liberally, finds that she alleges a due process violation. But "in order to claim entitlement to the protections of the due process clause—either substantive or procedural—a plaintiff must first show that she has a [(1)] constitutionally protected liberty or

7

property interest and [(2)] that she has been deprived of that protected interest [(3)] by some form of state action." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988) (cleaned up). Crawford alleges no constitutionally protected liberty or property interest, nor does she allege that the School Board's pending motion for sanctions against her deprived her of any constitutionally protected interest.[4] Thus, Crawford fails to state a claim for any constitutional violations against the defendants.[5]

### C. Res Judicata

Crawford's complaint leaves open the possibility that she seeks to relitigate her contract dispute with RPS in federal court. The defendants argue that res judicata bars the Court's consideration of this contract claim. "Federal courts must give the same preclusive effect to a state court judgment as the forum that rendered the judgment would have given it." *Sartin v. Macik*, 535 F.3d 284, 287 (4th Cir. 2008). Under Virginia law, "[a] valid, personal judgment on the merits

---

[4] Although her complaint does not make it plain, Crawford might allege that the School Board's motion for sanctions will deprive her of property. This allegation depends on whether the Richmond Circuit Court grants the motion for sanctions and orders Crawford to pay some amount of money to the School Board. Because the motion remains pending, however, Crawford lacks standing to assert this claim. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547–48 (2016) (noting that "[i]njury in fact is a constitutional requirement" and "[t]o establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical'" (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992))).
Even if the Richmond Circuit Court had already granted the School Board's motion for sanctions and ordered Crawford to pay some amount to the School Board, Crawford's claim would still likely fail. A Virginia court's proper imposition of a monetary sanction pursuant to Virginia Code § 8.01-271.1 does not violate the due process rights of the party ordered to pay.

[5] Crawford's § 1983 claim against Corrigan and Harman Claytor fails for an additional reason. To prove a § 1983 action, the plaintiff must allege that the defendants acted "under color of state law in the actions complained of." *Clark v. Link*, 855 F.3d 156, 161 (4th Cir. 1988). Crawford does not allege that Corrigan or his law firm acted "under color of state law" when filing the motion for sanctions against Crawford on behalf of the School Board. *See Fleming v. Asbill*, 42 F.3d 886, 890 (4th Cir. 1994) (explaining that "[p]rivate lawyers do not act 'under color of state law' merely by making use of the state's court system" on behalf of a client).

in favor of defendant bars relitigation of the same cause of action, or any part thereof which could have been litigated, between the same parties and their privies." *Bates v. Devers*, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974) (footnote omitted). Thus, the Richmond Circuit Court's January 10, 2020 dismissal of Crawford's lawsuit against the School Board to collect the unpaid bill, (ECF No. 7-12), precludes this Court's consideration the same contract dispute. The Court, therefore, dismisses Crawford's complaint to the extent she attempts to relitigate the underlying contract dispute.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the defendants' motions to dismiss. (ECF Nos. 6, 9.) The Court will issue an appropriate Order.

Should Crawford wish to appeal this Opinion and Order, she must file a written notice of appeal with the Clerk of Court in the U.S. District Court for the Eastern District of Virginia within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

It is so ORDERED.

Let the Clerk send a copy of this Order to the pro se plaintiff.

Date: 12 May 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

9