**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

DR. MARLA FAITH CRAWFORD,

        Plaintiff,

v.                                         Civil Action No. 3:20-cv-923

SCHOOL BOARD FOR RICHMOND
CITY, et al.,
        Defendants.

**OPINION**

This matter comes before the Court on a motion for sanctions filed by Harman, Claytor, Corrigan & Wellman ("Harman Claytor") and Harman Claytor partner David Corrigan against Dr. Marla Faith Crawford for filing a frivolous complaint. (ECF No. 19.) Corrigan and Harman Claytor ask that the Court impose (1) a "pre-filing injunction requiring a Judge of this Court to review and approve any new Complaint [Crawford] wishes to file in this Court" and (2) an "order directing [Crawford] to pay [Harman Claytor] all reasonable attorney's fees incurred in connection with this action." (ECF No. 20, at 4.) These requests arise from a litigious history between Crawford and the Richmond City School Board, a client of Harman Claytor. The Court held a hearing on the motion on June 10, 2021.

Most recently, Crawford sued the School Board, Harman Claytor, and Corrigan for violating the Americans with Disabilities Act of 1990 ("ADA"), Section 504 of the Rehabilitation Act of 1973 (codified at 29 U.S.C. § 729), the Individuals with Disabilities Education Act ("IDEA"), and the Fourteenth Amendment. (ECF No. 1.) On May 12, 2021, the Court dismissed this complaint with prejudice for failure to state a claim. (ECF Nos. 22, 23.)

# I. <u>BACKGROUND</u>

In 2018, at the direction of an officer presiding over a special education due process hearing, Crawford conducted a functional behavior assessment and observed classrooms for Richmond City Public Schools ("RPS"). After Crawford finished assessing and observing, she sent RPS a bill for $26,900. RPS thought this bill unreasonably high and declined to pay it in full.

Crawford then sued the School Board and one of its employees in Chesterfield County Circuit Court, seeking to collect this unpaid bill. Harman Claytor, through its partner Melissa York, represented the School Board in that case. Crawford voluntarily dismissed the Chesterfield suit.

Crawford then filed another lawsuit, this time in Richmond Circuit Court, against the School Board, RPS, and RPS Superintendent Jason Kamras to collect the same unpaid bill. York also represented the defendants in that case. York filed demurrers on behalf of RPS and Kamras; the Richmond Circuit Court granted both. York filed an answer on behalf of the School Board.

Shortly thereafter, Crawford moved for sanctions against York in Richmond Circuit Court. Crawford accused York of, among other things, including "false and misleading statements" in the answer she had filed on the School Board's behalf, "committing fraud on the Court," and causing "unnecessary delay." (ECF No. 7-6, at 2, 7.) On January 10, 2019, the Richmond Circuit Court held a hearing on Crawford's motion and, on February 11, 2019, the Court issued its decision denying it. The Richmond Circuit Court explained that "Plaintiff failed to present any evidence that Ms. York filed any pleadings with false or fraudulent statements," or any evidence that "Ms. York's filings were done solely to cause unnecessary delay or needless increase in the cost of litigation." (ECF No. 7-7, at 2.) The case proceeded to trial.

On December 13, 2019, several days before the scheduled start of trial in Richmond Circuit Court, Crawford filed a warrant in debt in Richmond General District Court. In this warrant in debt, Crawford claimed that York defamed her by accusing her of harassment at the January 10, 2019 hearing in Richmond Circuit Court. (ECF No. 7-9.)[1]

The morning of trial in Richmond Circuit Court, that Court sustained the School Board's assertion of sovereign immunity. The Circuit Court, therefore, dismissed Crawford's complaint on January 10, 2020.

On January 8, 2020, the School Board, represented by Harman Claytor's David Corrigan, moved for sanctions against Crawford pursuant to Virginia Code § 8.01-271.1 in Richmond Circuit Court. The Circuit Court has delayed hearing argument on this motion for various reasons, including the COVID-19 pandemic, Crawford's involvement in an automobile accident, and Crawford's filing of a separate lawsuit in the Eastern District of Virginia against the Honorable Melvin Hughes, who presides over the Circuit Court proceedings. The motion for sanctions against Crawford, therefore, remains pending in Richmond Circuit Court.

On December 3, 2020, Crawford filed a complaint in this Court against the School Board, Harman Claytor, and Corrigan for violating the ADA, Section 504 of the Rehabilitation Act of 1973, the IDEA, and the Fourteenth Amendment. These claims arose from the January 8, 2020 "lawsuit against Plaintiff"—the motion for sanctions against Crawford pending in Richmond Circuit Court. (ECF No. 1, at 4.) According to Crawford, Corrigan filed this motion "because of the complaint [Crawford] filed against M. York" and, therefore, the motion amounts to retaliation. (*Id.*) On April 29, 2021, Corrigan and Harman Claytor moved for sanctions against Crawford

---

[1] The General District Court dismissed the warrant in debt with prejudice on March 5, 2020.

3

pursuant to Federal Rule of Civil Procedure 11. On May 12, 2021, the Court dismissed Crawford's complaint for failure to state a claim.

## II. LEGAL STANDARDS

When an unrepresented party signs and submits a pleading to the Court, the party "certifies that to the best of the person's knowledge, information, and belief":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). If, "after notice and a reasonable opportunity to respond,[2] the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any . . . party that violated the rule." *Id.* R. 11(c)(1).

---

[2] This refers to the requirements of Rule 11(c)(2). David Corrigan and Harman Claytor have complied with these requirements by filing the motion for sanctions separately, serving Crawford by certified mail and email with the motion for sanctions and the memorandum in support, requesting that she withdraw her complaint, and filing the motion with the Court more than twenty-one days after serving Crawford with the motion and memorandum in support. (ECF No. 20, Ex. A.) During the June 10 hearing, Crawford alleged that she had not "laid eyes on" the motion for sanctions until that day. The Court finds this implausible as Corrigan and Harman Claytor served Crawford by certified mail in February 2021 and filed the motion with the Court in April 2021. In addition, Crawford *did* see the Court's May 10 Order that the Clerk's office mailed to the address she provided, because she moved, on June 4, 2021, to continue the hearing set in the May 10 Order. (ECF No. 25.)

## III. ANALYSIS

The Court will analyze two questions: (1) whether sanctionable conduct has occurred and, if so, (2) the appropriate sanction to issue.

### A. Crawford Violated Rule 11

Courts use an objective standard to evaluate whether "maintaining a legal position to a court is . . . sanctionable" under Rule 11. *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002). For all the reasons stated during the June 10 hearing, Crawford has violated Rule 11. Crawford's six complaints arising from these facts —including her separate suits against Judge Hughes, (Case No. 3:20-cv-813, ECF No. 1), and Melissa York, (*see* ECF No. 1, at 4)— have entirely lacked legal basis and evidentiary support. Further, Crawford files these separate lawsuits for an improper purpose; instead of appealing unfavorable court decisions, she files these separate suits to challenge decisions often issued by a separate jurisdiction.

Although "pro se litigants deserve leniency in the construction of their pleadings," "[n]o amount of permissible leniency can excuse" Crawford's baseless litigious history. *Johnson v. Pennymac Loan Servs., LLC*, No. 3:19cv837, 2020 WL 5371347 (E.D. Va. Sept. 8, 2020).

### B. Appropriate Sanctions

Finding that Crawford has violated Rule 11, the Court next considers the appropriate sanction.

> A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4).

5

The Fourth Circuit explains that courts should impose "the least severe sanction adequate to serve the purposes of Rule 11": to deter litigation abuse, compensate the victims of the Rule 11 violation, streamline court dockets, and facilitate court management. *In re Kunstler*, 914 F.2d 505, 522 (4th Cir. 1990). "[T]he amount of a monetary sanction should always reflect the primary purpose of deterrence." *Id.*

"When a monetary award is issued, a district court should explain the basis for the sanction so a reviewing court may have a basis to determine whether the chosen sanction is appropriate." *Id.* at 523. District courts should consider the following four factors when determining the monetary sanction amount: "(1) the reasonableness of the opposing party's attorneys' fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation," including "the offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved, and other factors as deemed appropriate in individual circumstances." *Id.* at 523–24.

In preparation for its June 10 hearing, this Court directed Crawford to submit a report that details her financial position and Corrigan and Harman Claytor to file an itemized bill for all reasonable attorneys' fees and expenses incurred in connection with this case. (ECF No. 21.) The Court timely received an itemized bill from Harman Claytor. Julie Palmer and Michael Harman, lawyers at Harman Claytor, worked 36.3 hours on this case and incurred $168.40 in various expenses.[3] The Court did not receive the requested financial documents from Crawford until the

---

[3] The itemized bill does not include an hourly rate because "no hourly rate has been specified by an insurance carrier for this particular matter." (ECF No. 24, at 2.)

June 10 hearing.  The Court reviewed the documents, which detail her salary and expenses, on the bench.

The Court finds the hours and expenses that Harman Claytor invested in defending themselves in this case reasonable.  Were the Court to impose a sanction requiring Crawford to pay anything approaching Harman Claytor's ordinary fees, however, the sanction would likely exceed $100,000.00—far too great considering the other factors the Court must consider.  A smaller award will deter future frivolous suits by Crawford and will take into account her ability to pay.  A smaller award will also reflect the severity of the violation, and will reflect her Crawford's experience in litigation.  Considering the applicable factors, the Court will impose on Crawford a sanction that requires her to pay Harman Claytor and its partner, David Corrigan, a total of $2,000.

*           *           *

Corrigan and Harman Claytor also ask that the Court impose on Crawford a "pre-filing injunction requiring a Judge of this Court to review and approve any new Complaint she wishes to file in this Court."  (ECF No. 20, at 4.)  "Such a drastic remedy must be used sparingly so as not to offend the constitutional guarantee of due process of law." *Miles v. Angelone*, 483 F. Supp. 2d 491, 495 (E.D. Va. 2007).  "Indeed, 'use of such measures against a *pro se* plaintiff should be approached with particular caution' and should 'remain very much the exception to the general rule of free access to the courts.'" *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004) (quoting *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980)).

A court considering imposing a prefiling injunction must weigh the following factors: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or

7

simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." *Miles*, 483 F. Supp. 2d at 495 (quoting *Cromer*, 390 F.3d at 818). "[I]f a judge, after weighing the relevant factors, properly determines that a litigant's abusive conduct merits a prefiling injunction, the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." *Cromer*, 390 F.3d at 818. Further, the Fourth Circuit notes that "before a judge issues a prefiling injunction under 28 U.S.C. § 1651(a), even a narrowly tailored one, he must afford a litigant notice and an opportunity to be heard." *Id.* at 819.

At the June 10 hearing, of which Crawford had ample notice, the Court gave Crawford a chance to tell her side of the story. Having heard from both parties, the Court finds that Crawford intended four of the six complaints arising from these facts to harass their targets. Because Crawford improperly challenges past court decisions by filing separate lawsuits, her singular complaint has grown into multiple lawsuits that command the time and attention of the Court and the defendants.

Thus, in addition to the $2,000 monetary sanction, the Court will impose upon Crawford the following pre-filing injunction: Absent a bona fide emergency, even if accompanied by the appropriate filing fee in cash, money order, certified check, or motion for leave to proceed in forma pauperis, all new cases submitted by Crawford against Judge Hughes, RPS, RPS's School Board, David Corrigan, or Harman Claytor, or arising out of funds owed by RPS to her, shall be subject to pre-filing review by a judge of the court in which she intends to file. The suit shall not be filed absent explicit permission to do so. If she files in This Court, and the Court finds frivolous a new case that Crawford files against any of these defendants or stemming from a debt owed her by

8

RPS, such new case will be filed for the administrative record of the Court and, thereafter, will be dismissed without prejudice, with no further review.

## IV. CONCLUSION

For the aforementioned reasons and those stated from the bench during the June 10 hearing, the Court GRANTS the motion for sanctions. Crawford must pay, on a schedule to be determined by the parties, a monetary sanction in the total amount of $2,000 to Corrigan and Harman Claytor. The Court also imposes on Crawford the prefiling injunction detailed above.

Should Crawford wish to appeal this Opinion, she must file a written notice of appeal with the Clerk of Court in the U.S. District Court for the Eastern District of Virginia within thirty (30) days of the date of entry hereof. Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

It is so ORDERED.

Let the Clerk send a copy of this Opinion to all counsel of record and the pro se plaintiff at the address she provided previously and email a copy to eliteeducationalconsulting9@gmail.com.

/s/

John A. Gibney, Jr.
United States District Judge

Date:   28 July 2021
Richmond, VA